F I L E D

SEP 19 2023 KG

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:23-cr-00496
Judge Sara L. Ellis
Magistrate Judge Young B. Kim
Random Assignment

pt 19, 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 1343, |
| CHRISTOPHER SUESS | ) | 1956(a)(1)(B)(i), and 1957 |
| | ) | |

## COUNT ONE

The SPECIAL NOVEMBER 2022 GRAND JURY charges:

1. At times material to this indictment:

a. Victim Company 1 was a furniture retailer headquartered in Miami and with showrooms in Los Angeles, New York, and Miami.

b. CHRISTOPHER SUESS was an employee of Victim Company 1, serving as the manager of Victim Company 1's Los Angeles showroom. In this role, SUESS was responsible for making sales, invoicing customer orders, and processing customer payments.

c. Suess Company A was an Illinois limited liability company managed by SUESS and Individual A.

d. Suess Company B was a California corporation of which SUESS was the sole shareholder. Suess Company B had a name similar to that of Victim Company 1.

e. Suess Account 1 was a Chase business checking account ending in 6171, held in the name of Suess Company A, and under a fictious name that was

similar to Victim Company 1's name. Suess Account 1 was controlled in part by SUESS.

   f.  Suess Account 2 was a PayPal business account ending in 5193, held in the name of Suess Company B. Suess Account 2 was controlled in part by SUESS.

   g.  Suess Account 3 was a Bank of America business checking account ending in 0805, held in the name of Suess Company A, and under a fictitious name that was similar to Victim Company 1's name. Suess Account 3 was controlled in part by SUESS.

   h.  Suess Account 4 was a Paymentech merchant processing account ending in 6171, held in the name of Suess Company A, and under a fictitious name that was similar to Victim Company 1's name. Suess Account 4 was controlled in part by SUESS.

  2.  Beginning no later than in or about July 2018, and continuing until at least on or about December 16, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER SUESS,

defendant herein, devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

2

3.     It was part of the scheme that defendant CHRISTOPHER SUESS misappropriated money from the sale of Victim Company 1 products by falsely invoicing the sale to the buyer at one price and falsely notifying Victim Company 1 that the sale was at a lower price, thereby allowing defendant SUESS to keep the difference.

4.     It was further part of the scheme that upon making a furniture sale to one of Victim Company 1's customers, SUESS created for and provided to the customer an invoice reflecting the true price that SUESS had negotiated with the customer, including any discount that SUESS had agreed to. Around the same time, SUESS created for and provided to Victim Company 1, a different invoice that falsely stated that SUESS had sold the furniture to the customer for less money than reflected in the invoice he had provided to the customer. SUESS represented to Victim Company 1 that the false invoice was the correct invoice for the sale.

5.     It was further part of the scheme that SUESS caused the customers to send payments for the sales to accounts controlled by SUESS, including Suess Account 1, Suess Account 2, and Suess Account 3, and also by means of the merchant account, Suess Account 4. In this way, SUESS received, controlled, diverted, and embezzled funds intended for, and belonging to, Victim Company 1.

6.     It was further part of the scheme that SUESS caused Suess Company A to have fictitious "doing business as" names that were similar to Victim Company 1's name in order to give to customers the false appearance that by paying Suess Company A they were paying Victim Company 1.

7.     It was further part of the scheme that SUESS caused Suess Company B to have a name that was similar to Victim Company 1's name in order to give to customers the false appearance that by paying Suess Company B they were paying Victim Company 1.

8.     It was further part of the scheme that SUESS caused Suess Account 1, Suess Account 2, Suess Account 3, and Suess Account 4 to likewise reflect names similar to Victim Company 1's name in order to give the false appearance that these accounts were used by Victim Company 1, and to allow payments intended for Victim Company 1 to be deposited into Suess Account 1, Suess Account 2, and Suess Account 3.

9.     It was further part of the scheme that SUESS, in connection with receiving customers' payments to various accounts he controlled, then himself paid to Victim Company 1 the amount of money reflected in the fraudulently deflated invoice he had provided to Victim Company 1, while SUESS kept the rest of the funds for himself.

8.     It was further part of the scheme that SUESS did misrepresent, conceal, and hide, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the acts done in furtherance of the scheme, and the purposes of the scheme.

9.     As a result of the scheme, SUESS fraudulently diverted at least approximately $700,000, and caused a loss to Victim Company 1 of at least

4

approximately $550,000.

    10.    On or about October 4, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER SUESS,

defendant herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, that is, an email from SUESS, using the email address, "christopher@[Victim Company 1].com," to Customer L.S. in the Northern District of Illinois, stating that Customer L.S.'s items went into production;

    In violation of Title 18, United States Code, Section 1343.

5

## COUNT TWO

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

1.      Paragraphs 1 through 9 of Count One of this indictment are incorporated here.

2.      On or about October 10, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

### CHRISTOPHER SUESS,

defendant herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, that is, an email from SUESS, using the email address, "christopher@[Victim Company 1].com," to Customer L.S. in the Northern District of Illinois, confirming receipt of Customer L.S.'s check and agreeing to provide additional information on the status of the order;

In violation of Title 18, United States Code, Section 1343.

6

## COUNTS THREE THROUGH TEN

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

1.      At times material to this indictment:

a.      Victim Company 1 was a furniture retailer headquartered in Miami and with showrooms in Los Angeles, New York, and Miami.

b.      CHRISTOPHER SUESS was an employee of Victim Company 1, serving as the manager of Victim Company 1's Los Angeles showroom. In this role, SUESS was responsible for making sales, invoicing customer orders, and processing customer payments.

c.      Suess Company A was an Illinois limited liability company managed by SUESS and Individual A.

d.      Suess Account 3 was a Bank of America business checking account ending in 0805, held in the name of Suess Company A, and under a fictious name that was similar to Victim Company 1's name. Suess Account 3 was controlled in part by SUESS.

e.      Relative Account 1 was a Bank of America checking account ending in 2581 controlled by Individual B—a member of SUESS's immediate family.

f.      Title Company A was the title company that maintained the escrow and conducted the closing for CHRISTOPHER SUESS's July 17, 2019, purchase of real property located on Timberlake Parkway in Barrington, Illinois.

2.     On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER SUESS,

defendant herein, did knowingly conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, each such financial transaction constituting a separate count:

| COUNT | DATE OF FINANCIAL TRANSACTION | FINANCIAL TRANSACTION |
|---|---|---|
| THREE | June 26, 2019 | Transferring approximately $25,000 from Suess Account 3 to Relative Account 1 |
| FOUR | July 9, 2019 | Transferring approximately $25,000 from Suess Account 3 to Relative Account 1 |
| FIVE | July 9, 2019 | Transferring approximately $50,000 from Suess Account 3 to Relative Account 1 |
| SIX | July 9, 2019 | Transferring approximately $10,000 from Relative Account 1 to Title Company A |

| COUNT | DATE OF FINANCIAL TRANSACTION | FINANCIAL TRANSACTION |
|---|---|---|
| SEVEN | July 11, 2019 | Transferring approximately $20,000 from Suess Account 3 to Bank of America account x6751 |
| EIGHT | July 12, 2019 | Transferring approximately $20,000 from Bank of America account x6751 to Relative Account 1 |
| NINE | July 15, 2019 | Transferring approximately $15,000 from Suess Account 3 to Relative Account 1 |
| TEN | July 15, 2019 | Transferring approximately $124,482.16 from Relative Account 1 to Title Company A |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNTS ELEVEN THROUGH SEVENTEEN

The SPECIAL NOVEMBER 2022 GRAND JURY further charges:

1.    Paragraph 1 of Counts Three through Ten is incorporated here.

2.    On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER SUESS,

defendant herein, did knowingly engage in a monetary transaction in and affecting interstate commerce in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, each such monetary transaction constituting a separate count:

| COUNT | DATE OF MONETARY TRANSACTION | MONETARY TRANSACTION |
|---|---|---|
| ELEVEN | June 26, 2019 | Transferring approximately $25,000 from Suess Account 3 to Relative Account 1 |
| TWELVE | July 9, 2019 | Transferring approximately $25,000 from Suess Account 3 to Relative Account 1 |
| THIRTEEN | July 9, 2019 | Transferring approximately $50,000 from Suess Account 3 to Relative Account 1 |
| FOURTEEN | July 11, 2019 | Transferring approximately $20,000 from Suess Account 3 to Bank of America account x6751 |

| COUNT | DATE OF MONETARY TRANSACTION | MONETARY TRANSACTION |
|---|---|---|
| FIFTEEN | July 12, 2019 | Transferring approximately $20,000 from Bank of America account x6751 to Relative Account 1 |
| SIXTEEN | July 15, 2019 | Transferring approximately $15,000 from Suess Account 3 to Relative Account 1 |
| SEVENTEEN | July 15, 2019 | Transferring approximately $124,482.16 from Relative Account 1 to Title Company A |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATION

The SPECIAL NOVEMBER 2022 GRAND JURY alleges:

1.      Upon conviction of an offense in violation of Title 18 United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of an offense in violation of Title 18 United States Code, Sections 1956 and 1957, as set forth in this Indictment, the defendant shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(l).

12

3.      If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Jason Yonan on behalf of the
ACTING UNITED STATES ATTORNEY